Ferrara, John S., J.
Background
This case arises from a motor vehicle accident that occurred on April 6, 2007, when a vehicle operated by defendant struck the plaintiff, who was a pedestrian. Plaintiff seeks to discover a statement of the defendant given to her insurer on April 19, 2007, within twelve days of the accident. The defendant asserts that the statement is protected as “work product” under M.R.C.P. Rule 26(b)(3).
The work product doctrine was first recognized by the United States Supreme Court in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The purpose of the doctrine is “to enhance the vitality of an adversary system of litigation by insulating counsel’s work from intrusions, inferences, or borrowings by other parties as counsel prepares for the contest.” Ward v. Peabody, 380 Mass. 805, 817, 405 N.E.2d 973, 980 (1980). While the doctrine was initially announced to protect a lawyer’s notes from discovery, Massachusetts Rules of Civil Procedure, Rule 26(b)(3) has extended the doctrine to include documents, charts, photographs, tape recordings, and computer files that were prepared not just by an attorney, but “by or for” a party or a “party’s representative (including his attorney, consultant, surety, in-demnitor, insurer, or agent).” This expansion of the work product doctrine has a limitation; the document must have been prepared “in anticipation of litigation or for trial.”
*619 Rule 26(b)(3) distinguishes between what has become known as “fact” work product versus “opinion” work product. Fact work product is protected from disclosure to a lesser degree than opinion work product. Opinion work product is protected from disclosure “except in extremely unusual circumstances.” Reporter’s Notes, Mass.R.Civ.P. 26(b)(3). Either may be ordered produced upon a showing that the opposing party has substantial need for the work product and cannot obtain the substantial equivalent without undue hardship, but where the discovery sought is “opinion” work product, the moving party must make a “far stronger showing of necessity and unavailability by other means.” Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 315, 901 N.E.2d 1185, 1203 (2009); Upjohn Co. v. United States, 449 U.S. 383, 402, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).
The burden is initially upon the party resisting discovery to demonstrate that the document sought is indeed work product within the scope of Rule 26(b)(3). If that burden is met, the burden shifts to plaintiff to demonstrate a substantial need for the statement and to show that she cannot obtain the substantial equivalent of the statement without undue hardship. Commissioner of Revenue, supra, at 315.
In this instance, defendant bears the burden of establishing that the statement given to the insurer was work product in that it was prepared in anticipation of litigation. Massachusetts applies the “because of’ test to determine whether documents sought were prepared in anticipation of litigation. If the documents were prepared “because of’ existing or expected litigation, then they were prepared “in anticipation of’ litigation. Id., at 316.
The defendant asserts that the statement was taken by the insurer as the first step in an investigation to “develop a factual record upon which her defenses are grounded.” The insurer also took a statement from another witness on April 27, 2007, eight days after the statement of the defendant. There is little doubt that under the circumstances of this case, the insurer had the prospect of litigation in mind when it took the statements of the defendant and witness. The statement qualifies as “fact” work product.
The burden shifts to the plaintiff to show that she has substantial need for the statement and cannot obtain the substantial equivalent without undue hardship. Plaintiff asserts that she needs the recorded statement of defendant because it was taken close in time to the accident, while the deposition of the defendant occurred more than three years later, and the deposition is not the “substantial equivalent” of the statement.
Defendant notes that plaintiff has a report prepared by the Uxbridge Police Department that includes an officer’s account of his interview of the defendant on the night of the accident, and that defendant has answered interrogatories from, and has been deposed by plaintiffs counsel. The discovery was completed in July 2010. The plaintiff does not assert that defendant claimed at her deposition or in her answers to interrogatories that she could not recall the incident, nor does plaintiff claim that the defendant’s deposition testimony differed markedly from the account that she gave to police on the night of the accident.
Defendant further notes that she provided to plaintiff a copy of the statement taken from the witness, Mr. Ingham, on April 27, 2007, which “substantially verified” the account that defendant gave to the police.
ORDER
The plaintiff has not met her burden of showing that she has a substantial need for the statement of the defendant and that she has been unable to obtain the substantial equivalent through investigation and the discovery process. Plaintiffs substantial need for the statement is belied by the fact that the issue was not raised during discovery or at the pre-trial conference, and is only raised on the eve of trial.
The plaintiffs motion is DENIED.